# EXHIBIT D

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Maryland

| Onconome, Inc. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   Misc. |
| Johns Hopkins University | ) | |
|  | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Western District of Pennsylvania   ) |
|  |  | 2:09-cv-01195 AJS |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   The Johns Hopkins University

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:   See Attachment A.

| Place: Kramon & Graham, P.A.<br>One South Street, Suite 2600<br>Baltimore, Maryland 21202 | Date and Time:<br><br>02/23/2010 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   02/02/2010

*CLERK OF COURT*

OR

_____          /s/ George F. Bishop
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Onconome, Inc. , who issues or requests this subpoena, are:

George F. Bishop, Hosie Rice LLP, 188 The Embarcadero, Suite 750, San Francisco, CA 94105;
gbishop@hosielaw.com; 415.247.6000

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   Misc.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   The Johns Hopkins University
was received by me on *(date)*   02/02/2010   .

☑ I served the subpoena by delivering a copy to the named person as follows:   Via U.S. Mail and Electronic Mail to Maria E. Rodriguez, Esquire, Venable LLP, 750 Pratt Street, Suite 900, Baltimore, MD 21202; merodriguez@venable.com   on *(date)*   02/02/2010   ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$   0.00   .

My fees are $   0.00   for travel and $   0.00   for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   02/02/2010

/s/ Janine DeAndre
*Server's signature*

Janine DeAndre, Secretary
*Printed name and title*

Hosie Rice LLP
188 The Embarcadero, Suite 750
San Francisco, CA 94105

*Server's address*

Additional information regarding attempted service, etc:

Case 2:09-cv-01195-AJS  Document 75-5  Filed 03/11/10  Page 4 of 14

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information;
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
    (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A
## DOCUMENTS TO BE PRODUCED

**I.    DEFINITIONS.**

1. The term "Johns Hopkins University," "JHU," or "your" mean Defendant Johns Hopkins University and any of its directors, officers, employees, agents, representatives, and affiliates, including in-house and outside patent prosecution counsel.

2. The term "Pitt" means the University of Pittsburgh and any of its directors, officers, employees, agents, representatives, and affiliates, including in-house and outside patent prosecution counsel.

3. The term "Onconome" includes the company by its earlier name, Tessera Diagnostics, Inc. ("Tessera").

4. The term "Plaintiff" means Onconome, Inc., including by its earlier name Tessera, Inc.

5. The term "EPCA" means "Early Prostate Cancer Antigen."

6. The term "EPCA-2" means "Early Prostate Cancer Antigen-2."

7. The term "CCSA-3" means "Colon Cancer Specific Antigen-3."

8. The term "CCSA-4" means "Colon Cancer Specific Antigen-4."

9. The term "BLCA" means "Bladder Cancer Antigen."

10. The term "NMP" means Nuclear Matrix Protein.

11. The term "Getzenberg NMPs" means EPCA, EPCA-2, CCSA 1-4, BLCA 1-4, and all NMPs involved in any work done by defendant in connection with any project funded by Onconome

12. The collective term "Agreement" means and includes any and all agreements or contracts, including License Agreements or Corporate Research Agreements, entered into between Onconome and JHU or PITT.

13. The term "document" shall have the broadest meaning includes all "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form," whether produced or stored by electronic means or in some other fashion. The term "document" includes all copies or reproductions upon which notations in writing, print, or otherwise have been made that do not appear on the originals. It also includes lab notebooks, any lab records of any sort, including bound notebooks, immunoassay plate reader results, scattergraphs, p-values and the derivations thereof, ROC curves and the derivation thereof, and related lab, scientific, and biostatistical information.

14. The terms "relating to," "related to," and "relate to" mean relating to, concerning, referring to, describing, evidencing, reflecting, summarizing, or constituting or to be an any way logically or factually connected.

14. The term "Maryland Action" refers to the action entitled *Onconome, Inc. v. Johns Hopkins University, et al.*, Case No. 24-C-09-001310 OT, in the Maryland State Circuit Court for Baltimore City.

16. The term "Pitt CRA" means the Corporate Research Agreement between Onconome and Pitt, dated March 22, 2002 and all amendments thereto.

17. The term "Laboratory Data or Results" includes data, results, or records observed, recorded, created, prepared, contributed to or maintained by any entity, including, without limitation Pitt, JHU and the following individuals:

    David (Brandy) Yeater
    Grant W. Cannon
    Eddy S. Leman
    Michael B. Amey
    Angelo DeMarzo
    Alan W. Partin
    Daniel W. Chan
    Lori J. Sokoll
    Holly E. Janes
    Leslie Mangold
    Bruce J. Trock
    George J. Netto
    Timothy McMurray
    Dawn Chen
    Elizabeth Dada
    Donald Vindivich
    Tatiana Boronina
    Marjan Gucek
    Katherine Bright
    Megan Gurganus
    Simran Jandu
    Barbara Paul
    Barbara Vietmeier
    Julie Arlotti
    Mani Balasubramani
    Robert Getzenberg
    Uzma Shah
    Joel L. Wiessfeld
    Rocky Schoen

## II.   INSTRUCTIONS.

1. Should you object in full or in part to the following Requests (or definitions and instructions applicable thereto), please produce the documents responsive to the portions of the Request to which you do not object, and state specifically each ground upon which objection is made.

3

2. Should you object to the production of any document or documents requested on the basis of any alleged privilege, *e.g.*, the attorney client privilege, or immunity from discovery, please provide a written list or schedule of all such documents, setting forth as to each the following:

    (a) date;
    (b) author(s);
    (c) addressee(s);
    (d) title;
    (e) type of document (*e.g.* letter, report, memorandum, etc.);
    (f) subject matter (without revealing the information as to which privilege or immunity is claimed or objection made);
    (g) brief statement of the basis for the claim of privilege, immunity, or objection; and
    (h) identity of all persons to whom copies of such documents were sent.

3. Please provide all responsive documents in your possession, custody, or control. This includes any of your non-privileged, non work-product documents that are in the possession of your attorneys, agents, representatives, third party contractors, and persons employed by you or your attorneys, including without limitation, your patent prosecution lawyers.

4. Please produce documents in the manner, form and position in which they are kept in the ordinary course of business or, at your election, as organized and labeled to correspond with any categories set forth in this Request.

5. If documents called for herein are not available to you because they are in the custody or control of a third person, please identify such documents or categories of documents and identify the third person in whose possession or control said documents are to be found.

6. This Request for Production of Documents shall be continuing to the extent required by law. Any documents responsive to this Request are required to be produced in supplementary Responses when such documents become available to you or to any of your attorneys, agents, or representatives.

7.  Unless another time frame is specified, please produce all responsive documents covering the time period from January 1999 to the present.

### III.  DOCUMENT PRODUCTION REQUESTS.

#### REQUEST NO. 1

All documents produced by you in the Maryland Action.

#### REQUEST NO. 2

All documents referring or relating to the work of JHU or of Dr. Getzenberg or his lab, while at JHU, pertaining to Getzenberg NMPs or to work funded by Onconome.

#### REQUEST NO. 3

All documents referring or relating to the work of Pitt, or Dr. Getzenberg or his lab while at Pitt, pertaining to Getzenberg NMPs or to work funded by Onconome, and all documents transferred from the possession or control of Pitt when Dr. Getzenberg moved his lab to JHU in or about January 2005.

#### REQUEST NO. 4

All documents recording or reflecting Laboratory Data or Results, including documents constituting, relating, or referring to laboratory records in any form (including notebooks, immunoassay plate reader results, electronic storage, calculation of ROC curves, analysis or statements of p-values, scatter graphs, or statistical or analytical analyses of any type), created or maintained by either JHU or PITT, relating to any project funded by Onconome or relating to any Getzenberg NMPs.

#### REQUEST NO. 5

All documents relating or referring to Onconome.

**REQUEST NO. 6**

All documents constituting, referring or relating to any communication concerning Onconome, work done in connection with Onconome, or concerning Getzenberg NMPs.

**REQUEST NO. 7**

All documents referring or relating to Pitt's CRA with Onconome or the performance thereof.

**REQUEST NO. 8**

All documents referring or relating to JHU's Corporate Research Agreement with Onconome or the performance thereof.

**REQUEST NO. 9**

Any and all documents, including lab records, relating to the samples received from Kyowa Medex, Kagawa University, Onconome investors, EDRN, the laboratory of Dr. Dan Chan and Dr. Rocky Schoen and any other laboratories or third parties, including results obtained from any assay of these samples relating to EPCA, EPCA-2, CCSA-3, CCSA-4, BLCA-4 and NMP's.

**REQUEST NO. 10**

Any and all documents constituting, relating or referring to negotiations and/or an agreement or to communications with Pitt regarding the transfer of the work done at the Getzenberg Laboratories at Pitt to JHU.

**REQUEST NO. 11**

Any and all documents constituting, relating or referring to any inquiry into alleged scientific misconduct on the part of the Pitt, JHU, Dr. Getzenberg or individuals working in his

laboratory, in connection with work done relative to Getzenberg NMPs as cancer biomarkers, including without limitation related immunoassay development work.

**REQUEST NO. 12**

Any and all documents constituting, relating or referring to applications for National Institute of Health ("NIH") grants for Pitt, JHU or Dr. Getzenberg in connection with EPCA, EPCA-2, CCSA-3 and CCSA-4, BLCA-4 or other NMP's as cancer biomarkers or immunoassays, including documents relating to NIH document or lab records retention policies or requirements and/or compliance with or breach of those policies, and including any NIH inquiry or investigation of Pitt, JHU or Dr. Getzenberg.

**REQUEST NO. 13**

Any and all documents constituting, relating or referring to communications between Dr. Robert Getzenberg and any third party on the subject of EPCA, EPCA-2, immunoassay development as to EPCA, EPCA-2, CCSA-3 and CCSA-4, BLCA-4, or related similar projects at JHU or PITT.

**REQUEST NO. 14**

All documents referring or relating to any work submitted for publication by Dr. Getzenberg or any researcher on Getzenberg NMPs as cancer biomarkers or immunoassays, including all communications with the journal or other entity to which the work was submitted for publication, and all comments and criticisms and related documents.

**REQUEST NO. 15**

All documents that relate to efforts by Pitt, JHU or Dr. Getzenberg to sequence proteins or cDNA for EPCA, EPCA-2, CCSA-3, CCSA-4 and BLCA-4, including reports to Onconome or others relating to efforts to sequence such proteins.

7

**REQUEST NO. 16**

Documents sufficient to show in full all policies and practices of JHU for observing, taking, recording, and maintaining research data, that applied to the work by Dr. Getzenberg on Getzenberg NMPs.

**REQUEST NO. 17**

All documents referring or relating to the observing, taking, recording, and maintaining research data by Dr. Getzenberg or others working on projects funded by Onconome or on Getzenberg NMPs, including all documents relating to any investigation or consideration of possible irregularities or violations of JHU or Pitt policies or practices in the above.

**REQUEST NO. 18**

All documents that relate to any evaluations or assessments of the quality of research, performed by JHU or Pitt, that was funded by Onconome or related to Getzenberg NMPs, including any assessments that JHU, Pitt or any third party consultant performed at any time.

**REQUEST NO. 19**

All documents relating to the selection of data to be disclosed to Onconome or included in any published paper addressing NMP's, including documents relating to why some data were included and other data not.

**REQUEST NO. 20**

All documents related to JHU's Pitt's work, if any, to verify, validate, or confirm the accuracy of research results reported by Dr. Getzenberg.

**REQUEST NO. 21**

All documents regarding the purchase, acquisition, transportation, storage, labeling, sorting, selection or disposal of any samples that Pitt or JHU used as part of work on any project funded by Onconome, including EPCA, EPCA-2, CCSA-3 and CCSA-4, or BLCA-4.

**REQUEST NO. 22**

All documents that relate to the following scientific papers, including all drafts of those papers; all documents relating to your review, if any, of such drafts; all documents related to the peer review that any person conducted on such papers or drafts; and all documents related to any communications with any person (including any Defendant) regarding any evaluation or assessment that any person conducted on that paper or any draft, and including any documents relating to public or private criticism of these papers:

1. "EPCA-2: A Highly Specific Serum Marker for Prostate Cancer," Urology, Vol. 69, No. 4, April 2007.

2. "Early Identification of Individuals With Prostate Cancer in Negative Biopsies," The Journal of Urology, Vol. 171, 1419-1423, April 2004.

3. "Initial Analysis of Colon Cancer-Specific Antigen (CCSA)-3 and CCSA-4 as Colorectal Cancer-Associated Serum Markers," June 15, 2007.

**REQUEST NO. 23**

All documents constituting, referring or relating to communications between Dr. Robert Getzenberg and any of the following individuals relating to Dr. Getzenberg's work on NMP's:

Daniel W. Chan
Lori Sokoll
Alan Partin
Rocky Schoen
Eddy Leman
David (Brandy) Yeater
Grant W. Cannon
Michael B. Amey
Angelo Demarzo

Holly E. Janes
Leslie Mangold
Bruce J. Trock
George J. Netto
Timothy McMurray
Dawn Chen
Elizabeth Dada
Donald Vindivich
Tatiana Boronina
Marjan Gucek
Katherine Bright
Megan Gurganus
Simran Jandu
Barbara Paul
Barbara Vietmeier
Julie Arlotti
Mani Balasubramani
Uzma Shah
Joel L. Wiessfeld

**REQUEST NO. 24**

All documents, tangible things, reports, drafts, models, or data compilations that have been considered by, reviewed by, or prepared by an expert retained by, employed by, or otherwise relied upon by you, and all reports, conclusions or opinions, and memoranda, of consulting or testifying experts.

**REQUEST NO. 25**

All documents referring or relating to any communication or agreement with Pitt or Dr. Getzenberg regarding the Maryland Action, the instant action, contribution, indemnity, or evidence or the merits concerning either action.

**REQUEST NO. 26**

All documents constituting, referring or relating to insurance policies upon which any claims have been made in this case or in the Maryland Action, or to any communications regarding such policies.