IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ONCONOME, INC.,

       Plaintiffs,　　　　　　　　　　　　　　09cv1195
　　　　　　　　　　　　　　　　　　　　　　**ELECTRONICALLY FILED**

   v.

UNIVERSITY OF PITTSBURGH, DR.
ROBERT GETZENBERG,

       Defendants.

**MEMORANDUM OPINION AND ORDER RE: DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. NO. 49)**

On December 17, 2009, this Court issued an Order and a "Memorandum Opinion Re: Defendants' Motion to Dismiss Second Amended Complaint (Doc. No. 31)" which held, inter alia, that as a matter of law, "there is no genuine dispute that Onconome [Inc.'s] lawsuit is predicated upon its contractual relationships with Pitt and Dr. Getzenberg and that its trespass claims are inextricably interwoven with the breach of contract claim, and are barred therefore by the gist of the action defense. . . . Onconome's tort claims (its First through Fourth Claims for Relief) all arise from, are related to, and are inextricably intertwined with its breach of contract claim. As such, these tort claims are barred under Pennsylvania's gist of the action defense, and will therefore be dismissed." Memorandum Opinion (Doc. No. 35) at 21, 24.

As to Onconome's cause of action for breach of contract, this Court held that "it would be rather incongruous for this Court to conclude that the tort claims were merely plaintiff's attempt to recast a breach of contract claim as various fraud related tort claims while holding that plaintiff did not state a breach of contract claim. The Court finds that Onconome's Second Amended Complaint states a claim for breach of contract (made only against [the University of

Pittsburgh, or "Pitt"]), and will deny defendants' Motion to Dismiss or for Summary Judgment on the fifth cause of action for breach of contract." Memorandum Opinion (Doc. No. 35) at 30.

Pitt has now filed a Motion for Partial Judgment on the Pleadings (Doc. No. 49) which seeks to limit potential damages on the basis of a limitation of damages provision in the Corporate Research Agreement between Pitt and Onconome which, Pitt asserts, limits Onconome's potential recovery to direct damages only, which are on the order of $880,000.00. After careful consideration of the motion and memorandum of law in support thereof, Onconome's response and memorandum in opposition, Pitt's reply brief and Onconome's sur-reply brief, the Court agrees with Onconome that judgment on the pleadings at this stage of the proceedings is inappropriate.

A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is considered using the same standards as when considering a motion to dismiss under Rule 12(b)(6). *Shelly v. Johns-Manville Corp.*, 798 F.2d 93, 97 n.4 (3d Cir.1986). In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007), a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly*, and most recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536 (May 18, 2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content

allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Marangos v. Swett*, 2009 WL 1803264, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12. The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Swett*, quoting *Iqbal*. While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Swett*, quoting *Iqbal*, at *13. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2).

In order to satisfy the requirement of Fed. R. Civ. P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." *Iqbal*, at 1951. It is not necessary for the plaintiff to plead evidence. *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 446 (3d Cir. 1977). The question is not whether the plaintiff will ultimately prevail. *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007). Instead, the court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted

inferences, or sweeping legal conclusions cast in the form of factual allegations.  See *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n. 8 (3d Cir. 1997).  A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations.  *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory.  See *Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). However, this standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element."  *Weaver v. UPMC*, Civil Action No. 08-411, 2008 U.S. Dist. LEXIS 57988, at * 7 (W.D. Pa. July 30, 2008) (citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

Viewed in light of the forgoing liberal pleading standards, this Court finds that the allegations of plaintiffs' Second Amended Complaint, when taken as true, allows the Court to draw a reasonable inference that Pitt may be liable for consequential and punitive damages, despite the limitation of damages clause.  Although limitation of damages clauses negotiated between parties at arms length are generally enforceable in Pennsylvania, such clauses are not enforceable to limit damages for breaches of contract that are intentional, willful, wanton, reckless or otherwise in bad faith.  See e.g., *Valhal Corp. v. Sullivan Assoc., Inc.*, 44 F.3d 195, 204 (3d Cir. 1995) (limitation of damages clauses "extend only to acts of ordinary negligence and exclude conduct found to be willful, malicious or reckless."); *Werner Kammann*

*Maschinenfabrik, GmbH v. Max Levy Autograph, Inc.*, 2002 WL 126634 (E.D. Pa. 2002) ("The majority of courts . . . have held that bad faith conduct on the part of the seller [in performance of a contract] can prevent enforcement of an otherwise valid limitation of damages clause") (numerous citations omitted); *Polymer Dynamics, Inc. v. Bayer Corp.*, 2000 WL 1146622 at *9 (E.D. Pa. 2000); *Behrend v. Bell Tel. Co.*, 242 Pa. Super. 47, 363 A.2d 1152, 1166 (1976) ("such limitations on liability will be enforced absent a showing that the breaching party engaged in willful or wanton conduct").

Onconome's Second Amended Complaint alleges ample facts in support of its claims that Pitt and Dr. Getzenberg wilfully and intentionally misrepresented their performance and the status of the project under the Corporate Research Agreement.  Thus this Court cannot say at this pre-discovery stage of the proceedings that Pitt will be able to enforce the limitations of damages clause.  Accordingly,

Defendant's Motion for Partial Judgment on the Pleadings (Doc. No. 49) is HEREBY DENIED.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc:  all ECF registered counsel